IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02502-BNB

RONALD J. BEECHER-MANCIL,

Applicant,

v.

[NO NAMED RESPONDENT],

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2010

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Applicant, Ronald J. Beecher-Mancil, is in the custody of the Colorado Department of Corrections and currently is incarcerated in the Correctional Facility at the Sterling, Colorado. Mr. Beecher-Mancil originally filed a Letter in the United States District Court for the Eastern District of California (Eastern District of California) challenging the execution of his sentence. The Eastern District of California construed the Letter as an action filed pursuant to 28 U.S.C. § 2241 and determined that venue properly lies in the United States District Court for the District of Colorado. The Eastern District of California transferred this action to this Court on October 14, 2010.

Upon review of the Letter Mr. Beecher-Mancil originally filed in the Eastern District of California, Magistrate Judge Boyd N. Boland entered an order directing Mr. Beecher-Mancil to file his claims on a Court-approved form used in § 2241 actions and to submit either the $5.00 filing fee or a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. Mr. Beecher also was instructed to submit a certified

trust fund account statement.

On October 26, 2010, Mr. Beecher-Mancil filed a Letter requesting that the instant action be withdrawn. Prior to the Eastern District of California transferring the case to this Court, Mr. Beecher-Mancil initiated a § 2241 action in this Court in Case No. 10-cv-02357-BNB, raising the same claims that he had raised in the Eastern District of California. The Court must construe the October 26 Letter liberally because Mr. Beecher-Mancil is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer has been filed by Respondent in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The Court, therefore, construes the Letter as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i). The file will be closed as of October 26, 2010, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the Letter (Doc. No. 5) is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of October 26, 2010, the date Mr. Beecher-Mancil filed the Notice in this action.

DATED at Denver, Colorado, this 27th day of October, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02502-BNB

Ronald J. Mancil-Beecher
Prisoner No. 96105-012
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/28/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk